1992

Marie Wiggins BLACKSTON, Appellant, In re LUTHI MORTGAGE COM-
PANY, Respondent v. John W. GRADY, III, Security Federal Savings
and Loan Association, Bankers Trust of South Carolina, a/k/a NCNB,
and BB & T of South Carolina, Defendants.

(429 S.E. (2d) 838)

Court of Appeals

*Alvin D. Johnson*, Pickens, *for appellant.*

*Daniel N. Ballard*, Greenville, *for respondent.*

Submitted March 15 1993.

Decided April 12, 1993.[1]

*Per Curiam:*

The appellant, Marie Wiggins Blackston (Blackston), suc-
cessfully submitted a bid at a judicial foreclosure sale con-
ducted by the Master-in-Equity for Greenville County. The
master subsequently denied her motion to have the sale set
aside. Blackston now appeals to this Court seeking to reverse
the order of the Master.

The Master's Foreclosure Order, dated August 13, 1990,
stated that the property was subject to a first mortgage but
that a second mortgage had been satisfied. The Master then
was informed that this second mortgage had been assigned
and had been recorded at the Greenville County RMC Office.

---

[1] Because oral argument would not aid the Court in resolving the issues, we
decide this case without oral argument.

As a result, the Master announced at the sale that the property was being sold subject to the second mortgage. Blackston was present at the sale and successfully bid on the property. Although she made a deposit with the court pursuant to the Foreclosure Decree, she did not comply with the bid within the required twenty days. On August 29, 1991, almost two months after the sale, Blackston filed a Motion to Dismiss her foreclosure bid. By order dated September 24, 1991, the Master denied the Motion finding it untimely, and directed the property to be resold. We affirm.

The appealed order held, in effect, that an otherwise proper judicial sale must be upheld if the public records establish the existence of a properly recorded second mortgage and the successful bidder in no way suffers prejudice. We hold that the integrity of a judicial sale is not affected where the property to be sold is subject to a properly recorded second mortgage even though the existence of the second mortgage was not referred to in the Foreclosure Decree. We, therefore, hold that the Master did not err in dismissing the Motion to set aside Blackston's bid.

After a careful review of the briefs and the record before us, we hold that the questions presented by this appeal were addressed by the master and confirm his rulings on these issues. We hold, accordingly, that the questions presented by this appeal are manifestly without merit. S.C. Code Ann. § 14-8-250 (Supp. 1991).

Affirmed.